BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
J. MARK CHILDS (Cal. Bar No. 162684)
Assistant United States Attorney
Chief, Transnational Organized Crime Section
JEREMY K. BEECHER (Cal. Bar No. 301272)
MATT COE-ODESS (Cal. Bar. No. 313082)
Assistant United States Attorneys
Transnational Organized Crime Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: 213-894-2433/5429
    Facsimile: 213-894-0142
    E-mail:   mark.childs@usdoj.gov
              jeremy.beecher@usdoj.gov
              matt.coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>EDGAR JOEL MARTINEZ-REYES,<br><br>        Defendant. | Case No. 2:23-CR-524(A)-DMG-1<br><br>PLEA AGREEMENT FOR DEFENDANT EDGAR JOEL MARTINEZ-REYES |

    1.    This constitutes the plea agreement between EDGAR JOEL MARTINEZ-REYES ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

1          a.    At the earliest opportunity requested by the USAO and
2     provided by the Court, appear and plead guilty to count two of the
3     first superseding indictment in United States v. EDGAR JOEL MARTINEZ-
4     REYES, No. 2:23-CR-524(A)-DMG-1, which charges defendant with
5     conspiracy to launder monetary instruments in violation of 18 U.S.C.
6     § 1956(h).

7          b.    Not contest facts agreed to in this agreement.

8          c.    Abide by all agreements regarding sentencing contained
9     in this agreement.

10          d.    Appear for all court appearances, surrender as ordered
11     for service of sentence, obey all conditions of any bond, and obey
12     any other ongoing court order in this matter.

13          e.    Not commit any crime; however, offenses that would be
14     excluded for sentencing purposes under United States Sentencing
15     Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
16     within the scope of this agreement.

17          f.    Be truthful at all times with the United States
18     Probation and Pretrial Services Office and the Court.

19          g.    Pay the applicable special assessment at or before the
20     time of sentencing unless defendant has demonstrated a lack of
21     ability to pay such assessments.

22     3.    Defendant further agrees:

23          a.    To forfeit all right, title, and interest in and to
24     any and all monies, properties, and/or assets of any kind, derived
25     from or acquired as a result of, used to facilitate the commission
26     of, or involved in, the illegal activity to which defendant is
27     pleading guilty, specifically including, but not limited to, any

28

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

1   funds seized from defendant by law enforcement (collectively, the
2   "Forfeitable Assets").

3           b.    To the Court's entry of an order of forfeiture at or
4   before sentencing with respect to the Forfeitable Assets and to the
5   forfeiture of the assets.

6           c.    To take whatever steps are necessary to pass to the
7   United States clear title to the Forfeitable Assets, including,
8   without limitation, the execution of a consent decree of forfeiture
9   and the completing of any other legal documents required for the
10  transfer of title to the United States.

11          d.    Not to contest any administrative forfeiture
12  proceedings or civil judicial proceedings commenced against the
13  Forfeitable Assets.  If defendant submitted a claim and/or petition
14  for remission for all or part of the Forfeitable Assets on behalf of
15  himself or any other individual or entity, defendant shall and hereby
16  does withdraw any such claims or petitions, and further agrees to
17  waive any right he may have to seek remission or mitigation of the
18  forfeiture of the Forfeitable Assets.

19          e.    Not to assist any other individual in any effort
20  falsely to contest the forfeiture of the Forfeitable Assets.

21          f.    Not to claim that reasonable cause to seize the
22  Forfeitable Assets was lacking.

23          g.    To prevent the transfer, sale, destruction, or loss of
24  any and all assets described above to the extent defendant has the
25  ability to do so.

26          h.    To fill out and deliver to the USAO a completed
27  financial statement listing defendant's assets on a form provided by
28  the USAO.

3

1            i.    That forfeiture of Forfeitable Assets shall not be
2    counted toward satisfaction of any special assessment, fine,
3    restitution, costs, or other penalty the Court may impose.

4            j.    With respect to any criminal forfeiture ordered as a
5    result of this plea agreement, defendant waives: (1) the requirements
6    of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding
7    notice of the forfeiture in the charging instrument, announcements of
8    the forfeiture sentencing, and incorporation of the forfeiture in the
9    judgment; (2) all constitutional and statutory challenges to the
10   forfeiture (including by direct appeal, habeas corpus or any other
11   means); and (3) all constitutional, legal, and equitable defenses to
12   the forfeiture of the Forfeitable Assets in any proceeding on any
13   grounds including, without limitation, that the forfeiture
14   constitutes an excessive fine or punishment.  Defendant acknowledges
15   that forfeiture of the Forfeitable Assets is part of the sentence
16   that may be imposed in this case and waives any failure by the Court
17   to advise defendant of this, pursuant to Federal Rule of Criminal
18   Procedure 11(b)(1)(J), at the time the Court accepts defendant's
19   guilty plea.

20                        THE USAO'S OBLIGATIONS

21       4.    The USAO agrees to:

22            a.    Not contest facts agreed to in this agreement.

23            b.    Abide by all agreements regarding sentencing contained
24   in this agreement.

25            c.    At the time of sentencing, move to dismiss the
26   remaining counts of the first superseding indictment and any
27   underlying indictment as against defendant.  Defendant agrees,
28   however, that at the time of sentencing the Court may consider any

                                    4

1  dismissed charges in determining the applicable Sentencing Guidelines
2  range, the propriety and extent of any departure from that range, and
3  the sentence to be imposed.  Defendant further agrees that he may be
4  treated as if he had been convicted of the dismissed charges for
5  purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual
6  basis below would be sufficient to satisfy all elements of each
7  charge.  Defendant waives the right to challenge the sufficiency of
8  the factual basis as to any element of any dismissed charge.

9           d.   At the time of sentencing, provided that defendant
10  demonstrates an acceptance of responsibility for the offense up to
11  and including the time of sentencing, recommend a two-level reduction
12  in the applicable Sentencing Guidelines offense level, pursuant to
13  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
14  additional one-level reduction if available under that section.

15          e.   With respect to count two, recommend that defendant be
16  sentenced to a term of imprisonment no higher than the low end of the
17  applicable Sentencing Guidelines range, provided that the offense
18  level used by the Court to determine that range is 27 or higher.  For
19  purposes of this agreement, the low end of the Sentencing Guidelines
20  range is that defined by the Sentencing Table in U.S.S.G. Chapter 5,
21  Part A.

22                        NATURE OF THE OFFENSE

23     5.   Defendant understands that for defendant to be guilty of
24  the crime charged in count two, that is, conspiracy to launder
25  monetary instruments in violation of Title 18, United States Code,
26  Section 1956(h), the following must be true:  First, there was an
27  agreement to commit money laundering; second, the defendant knew the

28

                                5

objective of the agreement; and third, the defendant joined the
agreement with the intent to further its unlawful purpose.

6.    In order for a defendant to be found guilty of promotional
money laundering, in violation of Title 18, United States Code,
Section 1956(a)(1)(A)(i), an object of the conspiracy, the following
must be true: (1) defendant conducted or intended to conduct a
financial transaction involving property that represented the
proceeds of criminal activity; (2) defendant knew that the property
represented the proceeds of the criminal activity; and (3) defendant
knew the transaction was designed in whole or in part to promote or
carry on the specified unlawful activity.

7.    In order for a defendant to be found guilty of concealment
money laundering, in violation of Title 18, United States Code,
Section 1956(a)(1)(B)(i), an object of the conspiracy, the following
must be true: (i) the defendant conducted a financial transaction
involving property that represented the proceeds of wire fraud, a
specified unlawful activity; (ii) the defendant knew that the
property represented the proceeds of some form of unlawful activity;
and (iii) the defendant knew that the transaction was designed in
whole or in part to conceal or disguise the nature, source,
ownership, or control of the proceeds.  A "financial transaction" is
a transaction involving the movement of funds by wire or other means
that affects interstate or foreign commerce in any way.

### PENALTIES

8.    Defendant understands that the statutory maximum sentence
that the Court can impose for Conspiracy to Commit Money Laundering,
in violation of 18 U.S.C. § 1956(h), is: 20 years' imprisonment; a
three-year period of supervised release; a fine of $500,000 or twice

6

Doc ID: 1b687495b8e00234b33865b32751ce61ffccaf9e

1  the value of the property involved in the transactions, whichever is
2  greater; and a mandatory special assessment of $100.

3      9.    Defendant understands that supervised release is a period
4  of time following imprisonment during which defendant will be subject
5  to various restrictions and requirements.  Defendant understands that
6  if defendant violates one or more of the conditions of any supervised
7  release imposed, defendant may be returned to prison for all or part
8  of the term of supervised release authorized by statute for the
9  offense that resulted in the term of supervised release, which could
10  result in defendant serving a total term of imprisonment greater than
11  the statutory maximum stated above.

12      10.  Defendant understands that, by pleading guilty, defendant
13  may be giving up valuable government benefits and valuable civic
14  rights, such as the right to vote, the right to possess a firearm,
15  the right to hold office, and the right to serve on a jury. Defendant
16  understands that he is pleading guilty to a felony and that it is a
17  federal crime for a convicted felon to possess a firearm or
18  ammunition.  Defendant understands that the conviction in this case
19  may also subject defendant to various other collateral consequences,
20  including but not limited to revocation of probation, parole, or
21  supervised release in another case and suspension or revocation of a
22  professional license.  Defendant understands that unanticipated
23  collateral consequences will not serve as grounds to withdraw
24  defendant's guilty plea.

25      11.  Defendant and his counsel have discussed the fact that, and
26  defendant understands that, if defendant is not a United States
27  citizen, the conviction in this case makes it practically inevitable
28  and a virtual certainty that defendant will be removed or deported

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his conviction on his immigration
status.  Defendant nevertheless affirms that he wants to plead guilty
regardless of any immigration consequences that his plea may entail,
even if the consequence is automatic removal from the United States.

### FACTUAL BASIS

12.  Defendant admits that defendant is, in fact, guilty of the
offense to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support a plea of
guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 14 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

Beginning in or about October 2019, and continuing until on or
about October 26, 2023, in Los Angeles, Ventura, and San Bernardino
Counties, within the Central District of California, and elsewhere,
defendant conspired and agreed with others to knowingly and
intentionally conduct and attempt to conduct financial transactions
affecting interstate and foreign commerce, knowing that the property

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

involved in the financial transactions represented the proceeds of
some form of unlawful activity, and which property was, in fact, the
proceeds of a specified unlawful activity, that is, the unlawful
distribution of controlled substances, in violation of Title 21,
United States Code, Section 841(a)(1), and knowing that the
transaction was designed in whole or in part to conceal and disguise
the nature, location, source, ownership, and control of the proceeds
of said specified unlawful activity, in violation of Title 18, United
States Code, Section 1956(a)(1)(B)(i).

In furtherance of the conspiracy, defendant and co-conspirators
would assist Sinaloa Cartel associates by assisting them in
concealing their drug trafficking proceeds and making the proceeds
generated in the United States accessible to the Sinaloa Cartel
owners in Mexico, Colombia, and elsewhere. Defendant and other co-
conspirators would receive the drug trafficking proceeds belonging to
the Sinaloa Cartel in the United States in the form of U.S. currency,
count and package them, and deliver the U.S. currency to members of
illegal money exchange and remitting organizations, including co-
defendants, to be laundered for a fee. Sinaloa Cartel operatives
would notify defendant and other co-conspirators of the approximate
amount of drug trafficking proceeds to be picked up and the location
where the proceeds were to be picked up and supply a telephone number
and/or a code to be used to identify the couriers to one another.
Defendant and other co-conspirators would either deliver the drug
trafficking proceeds in cash to locations or individuals specified by
members of the Sinaloa Cartel, or make other arrangements to launder
the drug trafficking proceeds by a variety of methods. Defendant's
co-conspirators would establish and maintain bank accounts in their

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

own names, including aliases, and the names of businesses or other individuals in the United States for the purpose of integrating the drug trafficking proceeds into the legitimate banking system in the United States.

In furtherance of the foregoing conspiracy, defendant committed the following acts:

On January 26, 2021, in Downey California, defendant received a weighted white bag containing an unknown quantity of drug trafficking proceeds in U.S. currency from co-defendant Guillermo Zambrano. Later that same day, defendant received a second white bag containing an unknown quantity of drug trafficking proceeds from co-defendant Guillermo Zambrano.

On January 26, 2021, in Downey California, defendant received a large leather backpack containing an unknown quantity of drug trafficking proceeds in U.S. currency from co-defendant Luis Belandria-Contreras.

On January 26, 2021, at an office complex in Downey California, defendant gave a large white bag containing $226,600 of drug trafficking proceeds to co-defendant Jiaxuan He.

On April 21, 2021, in Temple City, California, defendant delivered a Fruity Pebbles cereal box containing $59,980 in U.S. currency to a residence used as a collection point and count house to further drug money laundering activity.

On February 17, 2022, in Commerce, California, defendant delivered $124,800 of drug trafficking proceeds in U.S. currency to a co-conspirator for the purpose of purchasing cryptocurrency on behalf of the drug trafficking organization that owned the proceeds.

Doc ID: 1b687495b8e00234b33865b32751ce61ffccaf9e

1      On May 11, 2022, in Arcadia, California, defendant delivered an

2  unknown amount of drug trafficking proceeds in U.S. currency to a co-

3  conspirator for the purpose of purchasing cryptocurrency on behalf of

4  the drug trafficking organization that owned the proceeds.

5  SENTENCING FACTORS

6      13.  Defendant understands that in determining defendant's

7  sentence the Court is required to calculate the applicable Sentencing

8  Guidelines range and to consider that range, possible departures

9  under the Sentencing Guidelines, and the other sentencing factors set

10  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

11  Sentencing Guidelines are advisory only, that defendant cannot have

12  any expectation of receiving a sentence within the calculated

13  Sentencing Guidelines range, and that after considering the

14  Sentencing Guidelines and the other § 3553(a) factors, the Court will

15  be free to exercise its discretion to impose any sentence it finds

16  appropriate up to the maximum set by statute for the crime of

17  conviction.

18      14.  Defendant and the USAO agree to the following applicable

19  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2S1.1(a)(2), 2B1.1(b)(1)(G) |
| Proceeds of Unlawful Activity | +6 | U.S.S.G. § 2S1.1(b)(1) |
| Conviction under 18 U.S.C. § 1956 | +2 | U.S.S.G. § 2S1.1(b)(2)(B) |
| Sophisticated money laundering | +2 | U.S.S.G. § 2S1.1(b)(3) |

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

      a. The right to persist in a plea of not guilty.

      b. The right to a speedy and public trial by jury.

      c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e. The right to confront and cross-examine witnesses against defendant.

      f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

12

1    g.    The right not to be compelled to testify, and, if
2  defendant chose not to testify or present evidence, to have that
3  choice not be used against defendant.

4    h.    Any and all rights to pursue any affirmative defenses,
5  Fourth Amendment or Fifth Amendment claims, and other pretrial
6  motions that have been filed or could be filed.

7                    LIMITED WAIVER OF DISCOVERY

8    18.    Defendant acknowledges that he has received substantial
9  discovery from the government and that he has had sufficient time to
10  review and discuss that discovery with his attorney. In exchange for
11  the government's obligations under this agreement, defendant waives
12  and gives up any right he may have to review additional discovery
13  that the government has not produced or to claim that the government
14  has not produced all discovery.

15          WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

16    19.    Defendant understands that, with the exception of an appeal
17  based on a claim that defendant's guilty plea was involuntary, by
18  pleading guilty defendant is waiving and giving up any right to
19  appeal defendant's conviction on the offense to which defendant is
20  pleading guilty.  Defendant understands that this waiver includes,
21  but is not limited to, arguments that the statute to which defendant
22  is pleading guilty is unconstitutional, and any and all claims that
23  the statement of facts provided herein is insufficient to support
24  defendant's plea of guilty.

25    20.    Defendant also gives up any right to bring a postconviction
26  collateral attack on the conviction or sentence, except a post-
27  conviction collateral attack based on a claim of ineffective
28  assistance of counsel, a claim of newly discovered evidence, or an

                                   13

1  explicitly retroactive change in the applicable Sentencing
2  Guidelines, sentencing statutes, or statutes of conviction. Defendant
3  understands that this waiver includes, but is not limited to,
4  arguments that the statute to which defendant is pleading guilty is
5  unconstitutional, and any and all claims that the statement of facts
6  provided herein is insufficient to support defendant's plea of
7  guilty.

8                 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

9       21.  Defendant agrees that, provided the Court imposes a total
10 term of imprisonment within or below the range corresponding to an
11 offense level of 27 and the criminal history category calculated by
12 the Court, defendant gives up the right to appeal all of the
13 following: (a) the procedures and calculations used to determine and
14 impose any portion of the sentence; (b) the term of imprisonment
15 imposed by the Court; (c) the fine imposed by the Court, provided it
16 is within the statutory maximum; (d) to the extent permitted by law,
17 the constitutionality or legality of defendant's sentence, provided
18 it is within the statutory maximum; (e) the term of probation or
19 supervised release imposed by the Court, provided it is within the
20 statutory maximum; and (f) any of the following conditions of
21 probation or supervised release imposed by the Court: the conditions
22 set forth in Second Amended General Order 20-04 of this Court; the
23 drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and
24 3583(d); and the alcohol and drug use conditions authorized by 18
25 U.S.C. § 3563(b)(7).

26      22.  The USAO agrees that, provided (a) all portions of the
27 sentence are at or below the statutory maximum specified above and
28 (b) the Court imposes a term of imprisonment within or above the

                                14

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

1  range corresponding to an offense level of 27 and the criminal

2  history category calculated by the Court, the USAO gives up its right

3  to appeal any portion of the sentence.

4        WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

5        23.  Defendant agrees that: (i) any statements made by

6  defendant, under oath, at the guilty plea hearing; (ii) the agreed to

7  factual basis statement in this agreement; and (iii) any evidence

8  derived from such statements, shall be admissible against defendant

9  in any action against defendant, and defendant waives and gives up

10  any claim under the United States Constitution, any statute, Rule 410

11  of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

12  Criminal Procedure, or any other federal rule, that the statements or

13  any evidence derived from the statements should be suppressed or are

14  inadmissible.

15        Defendant further agrees that this paragraph of the agreement is

16  severable.  Thus, defendant's waivers are binding and effective even

17  if, subsequent to defendant's signing this agreement, defendant

18  declines to plead guilty, the Court declines to accept his guilty

19  plea, or, if this agreement is of the type described in Federal Rule

20  of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects

21  this agreement.  Defendant also agrees that his waivers are binding

22  and effective even if some other portion of this agreement is found

23  to be invalid by this Court or the Ninth Circuit.

24              RESULT OF WITHDRAWAL OF GUILTY PLEA

25        24.  Defendant agrees that if, after entering a guilty plea

26  pursuant to this agreement, defendant seeks to withdraw and succeeds

27  in withdrawing defendant's guilty plea on any basis other than a

28  claim and finding that entry into this plea agreement was

15

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

1   involuntary, then (a) the USAO will be relieved of all of its
2   obligations under this agreement; and (b) should the USAO choose to
3   pursue any charge that was either dismissed or not filed as a result
4   of this agreement, then (i) any applicable statute of limitations
5   will be tolled between the date of defendant's signing of this
6   agreement and the filing commencing any such action; and
7   (ii) defendant waives and gives up all defenses based on the statute
8   of limitations, any claim of pre-indictment delay, or any speedy
9   trial claim with respect to any such action, except to the extent
10  that such defenses existed as of the date of defendant's signing this
11  agreement.

12                 RESULT OF VACATUR, REVERSAL OR SET-ASIDE

13       25.  Defendant agrees that if the count of conviction is
14  vacated, reversed, or set aside, both the USAO and defendant will be
15  released from all their obligations under this agreement.

16                      EFFECTIVE DATE OF AGREEMENT

17       26.  This agreement is effective upon signature and execution of
18  all required certifications by defendant, defendant's counsel, and an
19  Assistant United States Attorney.

20                         BREACH OF AGREEMENT

21       27.  Defendant agrees that if defendant, at any time after the
22  signature of this agreement and execution of all required
23  certifications by defendant, defendant's counsel, and an Assistant
24  United States Attorney, knowingly violates or fails to perform any of
25  defendant's obligations under this agreement ("a breach"), the USAO
26  may declare this agreement breached.  All of defendant's obligations
27  are material, a single breach of this agreement is sufficient for the
28  USAO to declare a breach, and defendant shall not be deemed to have

                              16

1  cured a breach without the express agreement of the USAO in writing.
2  If the USAO declares this agreement breached, and the Court finds
3  such a breach to have occurred, then: (a) if defendant has previously
4  entered a guilty plea pursuant to this agreement, defendant will not
5  be able to withdraw the guilty plea, and (b) the USAO will be
6  relieved of all its obligations under this agreement.

7      28.  Following the Court's finding of a knowing breach of this
8  agreement by defendant, should the USAO choose to pursue any charge
9  that was either dismissed or not filed as a result of this agreement,
10 then:

11         a.   Defendant agrees that any applicable statute of
12 limitations is tolled between the date of defendant's signing of this
13 agreement and the filing commencing any such action.

14         b.   Defendant waives and gives up all defenses based on
15 the statute of limitations, any claim of pre-indictment delay, or any
16 speedy trial claim with respect to any such action, except to the
17 extent that such defenses existed as of the date of defendant's
18 signing this agreement.

19              COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
20                          OFFICE NOT PARTIES

21     29.  Defendant understands that the Court and the United States
22 Probation and Pretrial Services Office are not parties to this
23 agreement and need not accept any of the USAO's sentencing
24 recommendations or the parties' agreements to facts or sentencing
25 factors.

26     30.  Defendant understands that both defendant and the USAO are
27 free to: (a) supplement the facts by supplying relevant information
28 to the United States Probation and Pretrial Services Office and the

                                    17

Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

18

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

1  promise, understanding, or agreement may be entered into unless in a

2  writing signed by all parties or on the record in court.

3             PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4       33.   The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10 BILAL A. ESSAYLI
   Acting United States Attorney

11

12 _____          November 14, 2025
                                            _____
   J. MARK CHILDS                           Date
13 JEREMY K. BEECHER
   MATT COE-ODESS
14 Assistant United States Attorney           10 / 30 / 2025

15 _____          _____
   EDGAR JOEL MARTINEZ-REYES                 Date
16 Defendant

17 _____            10/30/2025
   ZAURA VILLAGOMEZ                          _____
18 Attorney for Defendant EDGAR JOEL         Date
   MARTINEZ-REYES

19

20

21

22

23

24

25

26

27

28

                              19

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

1    CERTIFICATION OF DEFENDANT

2       This agreement has been read to me in Spanish, the language I

3   understand best.  I have had enough time to review and consider this

4   agreement, and I have carefully and thoroughly discussed every part

5   of it with my attorney.  I understand the terms of this agreement,

6   and I voluntarily agree to those terms.  I have discussed the

7   evidence with my attorney, and my attorney has advised me of my

8   rights, of possible pretrial motions that might be filed, of possible

9   defenses that might be asserted either prior to or at trial, of the

10  sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

11  Sentencing Guidelines provisions, and of the consequences of entering

12  into this agreement.  No promises, inducements, or representations of

13  any kind have been made to me other than those contained in this

14  agreement.  No one has threatened or forced me in any way to enter

15  into this agreement.  I am satisfied with the representation of my

16  attorney in this matter, and I am pleading guilty because I am guilty

17  of the charge and wish to take advantage of the promises set forth in

18  this agreement, and not for any other reason. 10 / 30 / 2025

19  _____          _____

20  EDGAR JOEL MARTINEZ-REYES                   Date
    Defendant

21

22

23

24

25

26

27

28

20

Doc ID: 1b687495b8e00234b33865b32751ce61ffcqaf9e

1   CERTIFICATION OF INTERPRETER

2   I, *Alejandro A. Gaitan*, am fluent in the written and spoken

3   English and Spanish languages.  I accurately Sight-Translated translated this entire

4   agreement from English into Spanish to defendant EDGAR JOEL MARTINEZ-

5   REYES on this date.

6   _____    10/28/2025

7   INTERPRETER                          Date

8

9   CERTIFICATION OF DEFENDANT'S ATTORNEY

10      I am EDGAR JOEL MARTINEZ-REYES's attorney.  I have carefully and

11  thoroughly discussed every part of this agreement with my client.

12  Further, I have fully advised my client of his rights, of possible

13  pretrial motions that might be filed, of possible defenses that might

14  be asserted either prior to or at trial, of the sentencing factors

15  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

16  provisions, and of the consequences of entering into this agreement.

17  To my knowledge: no promises, inducements, or representations of any

18  kind have been made to my client other than those contained in this

19  agreement; no one has threatened or forced my client in any way to

20  enter into this agreement; my client's decision to enter into this

21  agreement is an informed and voluntary one; and the factual basis set

22  forth in this agreement is sufficient to support my client's entry of

23  a guilty plea pursuant to this agreement.

24

25  _____    10-30-25

    ZAURA VILLAGOMEZ                     Date

26  Attorney for Defendant EDGAR JOEL
    MARTINEZ-REYES

27

28

21