John Targowski (Bar No. 226053)
**Targowski Law Office**
475 Washington Blvd
Marina Del Rey, CA 90292
Telephone: (310) 920-9177
Email: jtargo@icloud.com

Attorney for Defendant
GUILLERMO ZAMBRANO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:23-CR-00524-DMG-5 |
| Plaintiff, | The Honorable Dolly M. Gee |
| v. | **DEFENDANT GUILLERMO ZAMBRANO'S NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT WITH PREJUDICE OR RELEASE DEFENDANT FROM GOVERNMENT CUSTODY** |
| MARTINEZ-REYES et al., | |
| GUILLERMO ZAMBRANO #5, | |
| Defendant. | **Date: December 26th, 2025**<br>**Time: 2:30 p.m.** |

Defendant, Guillermo Zambrano (hereinafter "Mr. Zambrano"), by and through counsel of record, John Targowski hereby moves to (1) dismiss the indictment against him with prejudice or, in the alternative, (2) release him from Department of Homeland Security custody pending the resolution of this case.

//

//

Mr. Zambrano's Motion is based on the attached Memorandum of Points and Authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

DATED: November 26, 2025                    Respectfully submitted,

                                        */s/ John Targowski*
                                        JOHN TARGOWSKI
                                        Attorney for Defendant
                                        GUILLERMO ZAMBRANO

MOTION TO DISMISS INDICTMENT WITH PREJUDICE OR RELEASE DEFENDANT FROM GOVERNMENT CUSTODY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On October 26th, 2023, Mr. Zambrano was indicted on four counts of conspiracy to aid and abet the distribution of cocaine and methamphetamine (21 U.S.C. § 846), conspiracy to launder monetary instruments (18 U.S.C. § 1956(h)), conspiracy to operate an unlicensed money transmitting business (18 U.S.C. §§ 371, 1960), and structuring transactions to avoid a reporting requirement (31 U.S.C. §§ 5324(a)(3), (d)(2); 18 U.S.C. § 2(b)). (ECF 1.) Mr. Zambrano made his initial appearance before the Honorable Magistrate Judge Patricia Donahue on November 2nd, 2023 (ECF 81), and the Magistrate Court conducted a contested detention hearing on November 7th, 2023. Judge Donahue released Mr. Zambrano on a $60,000 appearance bond. (ECF 113.)

Mr. Zambrano is a citizen of Venezuela and as of November 2, 2023, he was under political asylum proceedings in the United States. (PTSR at 2.) On June 24th, 2025, the Department of Homeland Security (DHS) notified Pretrial Services that Mr. Zambrano was taken into custody for removal proceedings. (PTSR Letter at 1.) While detained in Adelanto, Mr. Zambrano attended his immigration master calendar hearing on July 11th, 2025 before Immigration Judge Depowell. Judge Depowell denied his request for immigration bond despite his release on bond in this matter and ordered him detained pending removal proceedings. Currently, Mr. Zambrano remains detained at the Adelanto ICE Processing Center in Adelanto, California pending removal proceedings, and his individual immigration hearing is scheduled for February 23rd, 2026.

When an unlawfully present defendant is ordered released from pretrial detention under the Bail Reform Act ("BRA") and is subsequently placed in Immigration and Customs Enforcement ("ICE") detention pending removal proceedings, a conflict arises between the BRA

MOTION TO DISMISS INDICTMENT WITH PREJUDICE OR RELEASE DEFENDANT FROM GOVERNMENT CUSTODY

and the Immigration and Nationality Act ("INA") regarding whether ICE may continue to detain the defendant while criminal proceedings are ongoing. Such is the issue in Mr. Zambrano's case.

Given the conflict between Mr. Zambrano's immigration and criminal proceedings and that he cannot effectively prepare for trial while in immigration detention Mr. Zambrano respectfully requests that this Court dismiss the indictment with prejudice or, in the alternative, order him released from government/DHS custody pending the resolution of his criminal proceedings.

## II.    ARGUMENT

The BRA and INA govern the detention of non-citizens in criminal and removal proceedings, respectively. 18 U.S.C. § 3142; 8 U.S.C. § 1231. The BRA mandates that criminal defendants be released pending trial, irrespective of their immigration status, so long as they do not pose a risk of flight or danger to the community. 18 U.S.C. § 3142(a), (c). On the other hand, the INA permits—and in some cases, mandates—detention of unlawfully present aliens pending removal proceedings in certain situations. 8 U.S.C. § 1231.

Several courts have recognized the conflict between the BRA and INA regarding the permissibility of placing unlawfully present defendants in ICE detention, particularly when prosecution is ongoing and the defendant has already been released from pretrial detention pursuant to the BRA. *See United States v. Lutz*, No. CR-19-00692-001-TUC-RM, 2019 WL 5892827, at *2 (D. Ariz. 2019) (discussing the "tension between lawful release orders under the [BRA] and actions taken by ICE under the [INA]"); *United States v. Rangel*, 318 F.Supp.3d 1212, 1215 (E.D. Wash. 2018) (explaining that the case "requires the Court to resolve the conflict between the USAO and ICE in the execution of their respective statutory mandates").

The Ninth Circuit has yet to rule on this particular issue. However, in *Santos-Flores*, it cited approvingly to *United States v. Trujillo-Alvarez*, 900 F.Supp.2d 1167 (D. Or. 2012), a case

in which the district court ordered the government to choose between staying ICE removal proceedings of a criminal defendant or dismissal of the criminal case with prejudice, stating:

> If the Executive Branch chooses not to release the Defendant and instead decides to abandon criminal prosecution of the pending charge and proceed directly with Defendant's removal and deportation, the law allows the Executive Branch to do that. If, however, the Defendant is not released pending trial as directed by the Magistrate Judge pursuant to the BRA, the pending criminal prosecution of the Defendant may not go forward. To hold otherwise would deprive the Defendant of his statutory right to pretrial release under the Bail Reform Act and possibly even deprive the Defendant of his Fifth Amendment and Sixth Amendment rights to due process and effective assistance of counsel, respectively.

*Trujillo-Alvarez*, 900 F.Supp.2d at 1170.

Another district court in the Ninth Circuit has held that the Executive Branch must prioritize—either prosecuting criminal offenses *or* pursuing removal, rather than doing so simultaneously. *See Rangel*, 318 F.Supp.3d at 1217–18 (holding that the BRA "requires the executive to elect removal in lieu of criminal prosecution or defer removal until after trial and sentencing are complete"). At this juncture, Mr. Zambrano has been released pending trial for this criminal case and is simultaneously being kept in an ICE detention center pending removal proceedings.

For the reasons below, and to resolve this conflict, the appropriate remedy is to dismiss the indictment with prejudice to permit the government to pursue removal or, in the alterative, order Mr. Zambrano released from ICE custody pending the resolution of his criminal trial.

### A. The Government's Pursual of Removal Proceedings Warrants Dismissal of the Indictment with Prejudice

The Ninth Circuit has held that "[i]f the government, by placing [the defendant] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy." *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015). A district court may dismiss an indictment on the grounds of due

process violations or under its supervisory powers, which include remedying a constitutional or statutory violation. *United States v. Barrera-Moreno*, 951 D.2d 1089, 1091 (9th Cir. 1991). Further, a court may dismiss a case with prejudice if it determines that a dismissal without prejudice is against the concept of fundamental fairness. *United States v. Rossoff*, 806 F. Supp. 200, 202 (N.D. Ill. 1992) (dismissing indictment with prejudice after two hung juries and acquittals on certain counts). In Mr. Zambrano's case, dismissal with prejudice is warranted given the government's pursual of removal proceedings and his placement in ICE detention, violating his statutory right of pretrial release under the BRA. If this Court does not find that dismissal with prejudice is appropriate, it should dismiss the indictment without prejudice.

In *United States v. Trujillo-Alvarez*, the defendant was ordered released under the BRA and was subsequently detained by ICE after being placed under an immigration detainer. 900 F.Supp.2d at 1172–73. The district court explained that the Executive Branch has, by regulation, determined that criminal proceedings take priority over removal proceedings and deportation. *Trujillo-Alvarez*, 900 F.Supp.2d at 1178–79. *See* 8 C.F.R. § 215.2(a) ("No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States under the provisions of § 215.3"); 8 C.F.R. § 215.3(g) (stating that an alien's departure from the United States shall be "deemed prejudicial to the interests of the United States" if the alien is a party to "any criminal case . . . pending in a court in the United States"). Because of this determination, the court explained that the Executive Branch may choose to pursue removal and deportation, but it does so at the expense of pursuing criminal charges against that person. *Id.* at 1179–80.

The court ultimately held that the Executive Branch had the option to either release the defendant pending his criminal trial or abandon its criminal prosecution by proceeding with removal. *Id.* at 1181. Mr. Zambrano faces the same scenario as the defendant in *Trujillo-Alvarez*.

Thus, by continuing to pursue Mr. Zambrano's removal—potentially ordering him removed as early as February 2026 during his individual immigration hearing, three months before his pretrial conference in this Court—the government is, in effect, choosing to "abandon criminal prosecution of the pending charge," *Trujillo-Alvarez*, 900 F.Supp.2d at 1170, warranting dismissal.

Furthermore, the court in *Trujillo-Alvarez* explained that an immigration detainer is *exclusively* "for the purpose of arresting and removing the alien," not for the purpose of "avoiding the pretrial release provisions of the BRA." *Id.* at 1175–76. Accordingly, DHS has the authority to detain Mr. Zambrano, but only for the purpose of removing and deporting him, not to circumvent his statutory right to pretrial release under the BRA. Because of the statute's requirements, the government's detention of Mr. Zambrano at an ICE facility is presumably for the purpose of actively pursuing removal proceedings against him; this is additionally evidenced by the immigration courts denial of his request for release on bond and his scheduled individual immigration hearing in February 2026. As the government has chosen to prioritize removal proceedings against Mr. Zambrano—in the process violating his statutory right to pretrial release—this Court should dismiss the indictment to allow the government to continue pursuing removal.

Other courts within the Ninth Circuit have agreed. For example, in *United States v. Rangel*, the Eastern District Court of Washington held that ICE detention subsequent to pretrial release "violates [the defendant's] rights under the BRA, which requires the executive to elect removal in lieu of criminal prosecution or defer removal until after trial and sentencing are complete." 318 F.Supp.3d at 1218. In line with *Trujillo-Alvarez*, the court explained that "the BRA requires the Executive Branch to decide between pursuing a criminal prosecution or immigration proceedings." *Id.* In doing so, the court held that dismissal of the indictment was the

MOTION TO DISMISS INDICTMENT WITH PREJUDICE OR RELEASE DEFENDANT FROM GOVERNMENT CUSTODY

only proper remedy for the continued violation of the defendant's statutory right to pretrial release under the BRA, ultimately dismissing the indictment without prejudice. *Id.* at 1220.

In this case, much like the defendants in *Trujillo-Alvarez* and *Rangel*, Mr. Zambrano has a statutory right to pretrial release under the BRA, and the government's continued pursual of removal via ICE detention and his upcoming immigration hearing violates that right. Should the government choose to stay his removal proceedings and release him from ICE detention, dismissal will no longer be warranted. However, at this point, the government is indicating its preference to pursue removal proceedings in lieu of criminal prosecution, and Mr. Zambrano's statutory right to pretrial release is being violated in the process. As such, this Court should dismiss the Indictment with prejudice, allowing the government to pursue removal.

## B.    Alternatively, the Government's Criminal Prosecution against Mr. Zambrano Warrants Release from DHS Custody

As discussed above, the government must choose between actively pursuing criminal prosecution or removal. In Mr. Zambrano's case, the government did not seek review of his pretrial release and is continuing to pursue criminal charges against him. At the same time, DHS has placed Mr. Zambrano in an ICE detention facility pending removal proceedings. Because of the ongoing criminal and removal proceedings, should this Court decline to dismiss the Indictment, it should order that Mr. Zambrano be released from DHS custody pending the resolution of his criminal trial.

*Trujillo-Alvarez* provides guidance on the issue of Mr. Zambrano's ICE detention as well. In that case, the district court explained that "there [was] no legal requirement, or even any practical necessity, that ICE detain [the defendant] in order to remove and deport him before the pending criminal proceedings [could] be concluded." *Id.* at 1175. This was largely because the INA does not require detention of individuals in removal proceedings until the 90-day removal period begins. *Id.* (explaining that the removal period does not begin until "the date the alien is

MOTION TO DISMISS INDICTMENT WITH PREJUDICE OR RELEASE DEFENDANT FROM GOVERNMENT CUSTODY

released from detention or confinement" or under alternative requirements, and that an individual released from pretrial detention under the BRA is still "confined" under law). Other district courts have agreed with this analysis, explaining that "the 90-day removal period begins to run when a defendant is released from incarceration pursuant to a final judgment of conviction," not when a defendant is ordered released under the BRA and thus, "ICE is not under a mandatory instruction to detain and deport defendants placed on pretrial release under the BRA." *Lutz*, 2019 WL 5892827, at \*4. Like *Trujillo-Alvarez*, there is no legal requirement that ICE place Mr. Zambrano in administrative detention, as his pretrial release under the BRA renders him confined; thus, his removal period has not begun. Further, the court acknowledged that once a defendant has been released pursuant to the BRA, "the Executive Branch may no longer keep that person in physical custody." *Trujillo-Alvarez*, 900 F.Supp.2d at 1169–70.

Furthermore, the BRA provides an avenue for immigration detention under the INA; should a judge find that an unlawfully present defendant poses a risk of flight or danger, he must order temporary detention (for a period of less than 10 days), during which an immigration official may take the defendant into administrative custody. 18 U.S.C. § 3242(d). However, the BRA also states that "[i]f the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, *notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings*." *Id.* Because the court found that Mr. Zambrano poses neither a flight risk nor a danger to the community, "there is no statutory basis under the BRA for him to be further detained by ICE." *Trujillo-Alvarez*, 900 F.Supp.2d at 1179. This requires that Mr. Zambrano be released from DHS custody pursuant to his pretrial release conditions set by the magistrate court.

## III.    CONCLUSION

For the above reasons, Mr. Zambrano respectfully requests that this Court dismiss the Indictment with prejudice or, in the alternative, order his release from DHS custody pending the resolution of his criminal proceedings.


DATED: November 26, 2025          Respectfully submitted,


                                  */s/ John Targowski*
                                  JOHN TARGOWSKI
                                  Attorney for Defendant
                                  GUILLERMO ZAMBRANO