TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Acting Chief, Criminal Division
J. MARK CHILDS (Cal. Bar No. 162684)
Assistant United States Attorney
Chief, Transnational Organized Crime Section
JEREMY K. BEECHER (Cal. Bar No. 301272)
Assistant United States Attorney
Transnational Organized Crime Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-2433/5429
     Facsimile: 213-894-0142
     E-mail:    mark.childs@usdoj.gov
                jeremy.beecher@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>               v.<br><br>EDGAR JOEL MARTINEZ-REYES, ET AL.,<br><br>             Defendants. | Case No. 2:23-CR-00524(A)-DMG<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**  6/2/26<br>**PROPOSED TRIAL DATE:**  12/8/26 |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys J. Mark Childs and Jeremy K. Beecher, and defendants Bernardo Mauberis, Julio Alexander Cabrera, Xiaolei Ye, and Sai Zhang, both individually and by and through their counsel of record, hereby stipulate as follows:

1. The First Superseding Indictment in this case in this case was made public on April 4, 2024.

2. On October 7, 2025, the Court set a trial date of June 2, 2026, and a pretrial conference date of May 19, 2026.

3. All defendants who have appeared in this case and have not yet entered a plea are released on bond pending trial.[1]  The parties estimate that the trial in this matter will last approximately one week.  All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendants move to continue the trial date to December 8, 2026, and the pretrial conference to November 24, 2026.

5. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are charged with a violation of 21 U.S.C. § 846 (conspiracy to aid and abet the distribution of cocaine and methamphetamine), 18 U.S.C. § 1956(h) (conspiracy to launder monetary instruments), and 18 U.S.C. § 371 (conspiracy to operate an

---

[1] The status of defendants who have not yet appeared in this case is as follows: (1) Victor Rodriguez-Trujillo was released on bond with electronic monitoring, but subsequently cut off his electronic monitoring devices and absconded from pretrial supervision.  He is now a fugitive whose whereabouts are unknown; (2) Daniel Gonzalez was recently released from state custody in San Francisco and is expected to initially appear in this District on May 19, 2026; (3) Jiaxuan He is a fugitive who is believed to be residing in China; and (4) Peji Tong is a fugitive who is believed to be in the custody of Chinese authorities.

Defendant Raul Contreras has appeared in the case and has taken no position on the instant stipulation.  The stipulating parties submit the requested continuance constitutes a reasonable period of delay as to him pursuant to 18 U.S.C. § 3161(h)(6).

unlicensed money transmitting business).  Defendant Cabrera is also charged with violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II) (possession with intent to distribute more than five kilograms of cocaine).  The government has produced significant discovery to the defense, including reports of investigation, surveillance audio, photographs, and video, bank records and footage, and controlled substance testing results.

b.    On April 30, 2026, defendant Daniel Gonzalez appeared in the Northern District of California on the instant indictment after being released from state custody on unrelated charges.  (Case No. 3:26-mj-70613-MAG.)  Gonzalez was released on bond and ordered to make his initial appearance in this District on May 19, 2026.  (Id.)

c.    Defendant Cabrera represents through counsel that he intends to apply for CASA upon the continuance of the current trial date.

d.    Due to the nature of the prosecution, the number of defendants, the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

e.    Counsel for defendants represent that they have various prior obligations and trial conflicts, as set forth in **Exhibit A**.

f.    In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for

3

potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g.    Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

h.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

i.    The government does not object to the continuance.

j.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 2, 2026 to December 8, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make

4

a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 13, 2026                    Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney
Chief, Criminal Division


_____/s/_____
J. MARK CHILDS
JEREMY K. BEECHER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5

I am BERNARDO MAUBERIS'S attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than December 8, 2026, is an informed and voluntary one.

_____        5-2-26
ROBERT M. HELFEND                       Date
Attorney for Defendant
BERNARDO MAUBERIS

This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 8, 2026.  I understand that I will be ordered to appear in Courtroom 8C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on December 8, 2026, at 8:30 a.m.

_____        5/2/26
BERNARDO MAUBERIS                       Date
Defendant

### CERTIFICATION OF INTERPRETER

I, _____, am fluent in the written and spoken English and Spanish languages.  I accurately translated this entire agreement from English into Spanish to defendant BERNARDO MAUBERIS on this date.

_____        _____
INTERPRETER                             Date

6

I am SAI ZHANG'S attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than December 8, 2026, is an informed and voluntary one.

_____          5/14/2026
REUVEN COHEN                               Date
ATOOSA ESMAILI
Attorney for Defendant
SAI ZHANG

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 8, 2026.  I understand that I will be ordered to appear in Courtroom 8C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on December 8, 2026, at 8:30 a.m.

_____          05/13/2026
SAI ZHANG                                  Date
Defendant

7

I am XIAOLEI YE'S attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than December 8, 2026, is an informed and voluntary one.

*Edward Robinson*                                    April 28, 2026
EDWARD M. ROBINSON                          Date
BRIAN A. ROBINSON
Attorneys for Defendant
XIAOLEI YE

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 8, 2026.  I understand that I will be ordered to appear in Courtroom 8C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on December 8, 2026, at 8:30 a.m.

                                                        2026/04/28
XIAOLEI YE                                          Date
Defendant

8

Docusign Envelope ID: 163D1487-89D5-8B77-8065-492F0C9EEA35

I am JULIO ALEXANDER CABRERA'S attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than December 8, 2026, is an informed and voluntary one.

*Peter Johnson*                                                    5/5/2026
PETER JOHNSON                                                  Date
Attorney for Defendant
JULIO ALEXANDER CABRERA

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 8, 2026.  I understand that I will be ordered to appear in Courtroom 8C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on December 8, 2026, at 8:30 a.m.

                                                                   5/5/2026
JULIO ALEXANDER CABRERA                                Date
Defendant

**EXHIBIT A**

Defense counsel for defendant Zhang represent they have the following trial conflicts:

On August 4, 2026, defense counsel is scheduled to begin trial in USA v. David Rodriguez, et al,. Case No. 2:24-cr-665-SVW.

On October 5, 2026, defense counsel is scheduled to begin trial in Farley, et al. v. UMRO Realty Corp. d/b/a The Agency et al., Case Number 24NNCV06189.

On October 13, 2026, defense counsel is scheduled to begin trial in United States v. Lorena Padilla, et al., Case No. 2:25-cr-00931-FWS.

On November 17, 2026, defense counsel is scheduled to begin trial in USA v. Gershman, et al., Case No. 2:25-cr-00595-MCS.

10