TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
JEREMY K. BEECHER (Cal. Bar No. 301272)
Assistant United States Attorney
Transnational Organized Crime Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5429
Facsimile: (213) 894-0141
E-mail: Jeremy.Beecher@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL GONZALEZ,<br>aka "Rafael Arocho,"<br><br>Defendant. | Case No. 2:23-CR-524-DMG-10<br><br><u>REPLY IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 48(a)</u> |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Jeremy K. Beecher, hereby files its Reply in support of its Motion to Dismiss Without Prejudice Pursuant to Federal Rule of Criminal Procedure 48(a).

This Reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 30, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

/s/
JEREMY K. BEECHER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant does not oppose dismissal; he disputes only whether the dismissal should be without prejudice. Dismissal under Federal Rule of Criminal Procedure 48(a) is "presumptively without prejudice." United States v. Brown, 425 F.3d 681, 682 (9th Cir. 2005). The presumption is overcome only where the United States "is operating in bad faith," United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988), or the dismissal rests on considerations "clearly contrary to the public interest." United States v. Wallace, 848 F.2d 1464, 1468 (9th Cir. 1988). Neither is true here: The United States seeks dismissal in good faith, and the public interest favors dismissal without prejudice.

In arguing to the contrary, defendant principally relies on cases in which dismissal with prejudice was entered in response to constitutional or statutory violations occurring during an ongoing prosecution. But no such violations have occurred in this case. Accordingly, the Court should grant the United States' motion to dismiss this case without prejudice.

## II. ARGUMENT

### A. The Presumption of Dismissal Without Prejudice Governs Here

Federal Rule of Criminal Procedure 48(a) permits the United States to dismiss criminal charges with leave of court, and such dismissals are "presumptively without prejudice." Brown, 425 F.3d at 682. The presumption in favor of dismissal without prejudice is rebutted only where a court "specifically determines that the government is operating in bad faith," Hayden, 860 F.2d at 1487, or where the dismissal is grounded in considerations "clearly contrary

to the public interest," Wallace, 848 F.2d at 1468. Absent such a finding, the presumption of dismissal without prejudice controls. The purpose of the leave-of-court requirement when seeking dismissal under Rule 48(a) is to guard against "prosecutorial harassment, e.g., charging, dismissing, and recharging." Rinaldi v. United States, 434 U.S. 22, 30 n.15 (1977).

1. The United States' request is made in good faith

The United States makes its motion in good faith. The United States seeks dismissal to clear charges that it cannot presently prosecute. The motion provided its reasons for seeking dismissal without prejudice: the early procedural posture of the case; the seriousness of the charges; and the public interest in preserving the ability to hold defendant to answer should he return to the United States, presumably without authorization, within the statute of limitations period. The record reflects no bad faith on the part of the prosecution team, which was unaware of defendant's immigration detention until he did not appear at the scheduled time for his initial appearance in this District.[1] Nor is there any suggestion that the United States seeks dismissal to harass defendant or to obtain a tactical advantage -- for instance, to evade an adverse ruling, to avoid a disclosure obligation, or to re-charge defendant on more favorable terms. This is the ordinary, proper use of Rule 48(a).

[1] Defendant provides no authority for the proposition that the prosecution team's failure to prevent transfer to immigration detention that it did not know was occurring (see Sigal Declaration ¶ 8) constitutes bad faith.

2. Dismissal without prejudice serves the public interest

Preserving the ability to prosecute the serious crimes charged here advances the public interest. Defendant is charged not only with conspiracies to distribute controlled substances, to launder money, and to operate an unlicensed money-transmitting business, as are his co-defendants in this case, but is also uniquely charged with assaulting a federal officer with a deadly weapon in violation of 18 U.S.C. § 111(a)(1), (b). Specifically, defendant led law enforcement on a high-speed pursuit and rammed a pursuing agent's vehicle before fleeing on foot. (Mot. 4.) A dismissal with prejudice would permanently foreclose any accountability for that violent conduct. Although defendant is no longer in the United States, should he return to this country -- presumably without authorization -- during the statute of limitations period, there is significant public interest in holding him accountable for his conduct. This outcome is in no way "clearly contrary to the public interest." Wallace, 848 F.2d at 1468.

**B. Defendant Has Suffered No Constitutional or Statutory Violation Warranting Dismissal with Prejudice**

Dismissal without prejudice is further appropriate because defendant's case never reached a stage at which his Fifth and Sixth Amendment rights could be prejudiced by his immigration detention. He never appeared in this District, was never arraigned, received no discovery, had no trial date, and had counsel appointed only provisionally in advance of an arraignment that did not occur. As a result, there was no trial preparation to disrupt and no pending trial to imperil.

That posture is what separates this case from the bulk of decisions on which defendant relies, which rested on case-specific impairments of the defendant's trial preparation not present here. See, e.g., Order Granting Mot. to Dismiss as to Defendant Zambrano (Dkt. No. 633) (finding an ongoing Bail Reform Act violation arising from defendant's continued detention, together with the inability to consult counsel, attend hearings, secure an interpreter, and review discovery in preparation for trial); United States v. Basmadjian, No. 2:23-CR-00652-HDV (Dkt. No. 84) (C.D. Cal. Mar. 16, 2026) (finding seven-month detention culminating in "lengthy cross-country immigration transfers of Defendant on the eve of trial, coupled with its substantial procedural roadblocks to access at Adelanto, deprived [defendant] of meaningful consultation with his attorney in violation of his right to counsel" with trial date approaching); United States v. Parias, 814 F. Supp. 3d 1096, 1112 (C.D. Cal. 2025) (dismissal based on obstruction of counsel during critical pretrial period and finding "it is clear [defendant] is being detained by ICE for the purpose of securing his presence at his ongoing criminal prosecution").[2] Defendant identifies no authority requiring a Rule 48(a) dismissal to be with prejudice where the defendant never appeared in the court where charges were pending, was never arraigned, received no discovery, had only provisionally appointed

[2] The United States is appealing certain of these decisions, including this Court's decision in Zambrano, and respectfully disagrees with the factual findings in those cases, but recites them here for the purpose of distinguishing them from the instant case.

counsel, and had no trial date because the speedy trial clock had not yet begun to run.[3]

Defendant's final argument that dismissal without prejudice would leave him under an "indefinite cloud" depends on a hypothetical future re-prosecution that may never occur, and in any event proves too much. Every dismissal without prejudice preserves the possibility of refiling within the limitations period, so if that feature alone offended due process, the presumption in favor of dismissal without prejudice could never operate.

In sum, dismissal with prejudice is an extraordinary disposition reserved for demonstrated bad faith or contravention of the public interest. On these facts, there have been no cognizable violations of defendant's constitutional or statutory rights, and the presumption that dismissal under Rule 48(a) be without prejudice applies.

**C. The United States Does Not Oppose Exoneration of Bond**

In light of the United States' request to dismiss this case, the United States does not oppose defendant's request to exonerate his $50,000 unsecured appearance bond.

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant its motion to dismiss without prejudice pursuant to Federal Rule of Criminal Procedure 48(a).

---

[3] The only binding authority defendant cites in support of dismissal with prejudice, United States v. Santos-Flores, is a Bail Reform Act case permitting a court to "craft an appropriate remedy" for a removal that jeopardizes its ability to try a defendant; it does not hold that dismissal with prejudice is required or presumed. 794 F.3d 1088, 1091 (9th Cir. 2015).